UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6013-CR-HURLEY

U.S. MAGISTRATE VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

PATRICK ROBERTS,

    Defendant.
_____/

## MOTION FOR DOWNWARD DEPARTURE

Defendant, **PATRICK ROBERTS**, through counsel, respectfully requests this Court grant him a downward departure from his Career Offender status, and in support thereof would state:

1. Defendant is awaiting sentencing on the sale of 3.2 grams of crack cocaine. The sale took place on the street.

2. Based upon U.S.S.G., Section 2D1.1, a transaction involving 3.2 grams of crack cocaine would be a Base Offense Level of 22.

3. Defendant has an extensive criminal history. According to the PSI, he has 26 criminal history points. Approximately five of his prior convictions involve the street-level sale of small quantities of crack cocaine. He was initially placed on probation, but was not violated on that probation as he was rearrested six additional times. Finally, on December 19, 1995, he was sentenced on all cases

1

to 36 months to run concurrent with each other. At that point, he was violated for his probation imposed on three of those cases.

4. It is clear from the evidence in this case that the Defendant has been engaged in street-level sales of crack cocaine. In that capacity, he has been working on behalf of others. Those others supply the crack cocaine to the Defendant, and derive a profit from the sales he makes.

5. Defendant pled guilty and it is recommended in the PSI that he receive a three-level reduction for acceptance of responsibility.

6. Based upon an Offense Level of 19, and a Criminal History of VI, Defendant will be sentenced from between 63-78 months.

7. It has been determined in the PSI, however, that Defendant qualifies as a Career Offender under U.S.S.G., Section 4B1.1. As a consequence, it is recommended that his Base Offense Level increase to 32, which when adjusted for his acceptance of responsibility results in an Offense Level of 29. At a Criminal History of VI, Defendant's range as a Career Offender is 151-188 months. Defendant's Career Offender status increases the minimum sentence from 63 to 151 months. This more than doubles Defendant's potential sentence.

8. As a retail street-level seller of small amounts of crack cocaine, Defendant is being punished disproportionately harsh if he has to suffer sentencing as a Career Offender. Defendant's situation is outside of the heartland of cases intended by the Sentencing Commission for the application of the Career Offender provisions of the Sentencing Guidelines.

## MEMORANDUM OF LAW

The Court has the power to downwardly depart from Career Offender status. <u>United States v. Webb</u>, 139 F.3d 1390 (11th Cir. 1998). In a very well-reasoned opinion, a District Court sitting in New York City determined that a street-level dealer of drugs is outside the heartland of cases for which Career Offender status should be applied. <u>United States v. Williams</u>, 78 F.Supp.2d 189 (S.D.N.Y. 1999).

The Sentencing Guidelines contemplate that a person with Defendant's criminal history who sold 3.2 grams of crack cocaine, and pled guilty, should serve from 63-78 months. It is disproportionately harsh to take the Defendant, treat him as a Career Offender, and sentence him to between 151-188 months.

## CONCLUSION

Upon the arguments and authorities aforementioned, Defendant requests this Court grant him a downward departure from his Career Offender status.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 12th day of July, 2000, to: EDWARD RYAN, ASST. U.S. ATTORNEY, 500 E. Broward Blvd., 7th Floor, Fort Lauderdale, FL 33394; and SHEILA PARSONS, USPO, U.S. Probation Office, 501 S. Flagler Drive, Suite 400, West Palm Beach, FL 33401.

Respectfully submitted,

CHARLES G. WHITE, P.A.
Counsel for Defendant
2250 S.W. Third Avenue
Suite 150
Miami, Florida 33129
Tel: (305) 856-1211
Fax: (305) 856-0171
Florida Bar No. 334170

_____
CHARLES G. WHITE, ESQ.

4