UNITED STATES DISTRICT COURT
DISTRICT OF FLORIDA

PATRICK ROBERTS
    Petitioner,           :

                      :    CASE NO: 00CR6013-HURLEY

vs.                   :

                      :

UNITED STATES OF AMERICA,   :

                      :

           Respondent.    :
_____/

**PETITIONER'S MOTION FOR REDUCTION/MODIFICATION
OF SENTENCE PURSUANT TO SECTION 3582(c)(2)
RELATIVE TO AMENDMENT 706 OF THE SENTENCING
GUIDELINES AND ITS RETROACTIVE APPLICABILITY**

COMES NOW the Petitioner, PATRICK ROBERTS, hereafter referred to as Petitioner, proceeding in **pro se** and pursuant to Title 18 U.S.C. §3582(c)(2) of the Federal Rules of Criminal Procedure, respectfully petitioning this Honorable Court, who has sole discretion in the matter, for entry of an ORDER modifying and, thus, reducing the term of imprisonment imposed in the instant cause (151 months plus 36 months of Supervised Release) based on the Sentencing Commission's retroactive application of Amendment 706 dealing with the base offense level for certain types and quantities of controlled substances; i.e., crack cocaine and/or cocaine base commonly known as crack cocaine.

## JURISDICTIONAL STATEMENT

This Court has lawful jurisdiction to decide this case on its merits and to render a sentence in conformity with the law pursuant to Amendment 706 of the United States Sentencing Guidelines and the Sentencing Commission's decision, of December 11, 2007, to apply Amendment 706 retroactively, effective March 3, 2008.

## STATEMENT OF THE RELEVANT FACTS

1.   On August 18, 2000, this Court, after a determination of guilt had been established against Petitioner, imposed a term of imprisonment upon Petitioner of 151 months and 36 months of Supervised Release for the controlled substance of crack cocaine and/or cocaine base commonly known as crack cocaine. (See Exhibit A).

2.   Petitioner is currently serving the incarcerated portion of the sentence in the Federal Correctional Facility located in the County of Dade (FCI Miami).

3.   Petitioner's term of imprisonment has not previously been reduced by this, or any other, Court based on the instant Amendment 706.

4.   Petitioner's offense conduct does **not** involve any violence, and Petitioner qualifies for the Court to consider reducing the term of imprisonment in the Court's discretion.

## AMENDMENT 706

On May 1, 2007, after much debate and discussion, the Sentencing Commission made proposed Amendments to the U.S. Sentencing Guidelines that were sent to the United States Congress for consideration and approval. Among the proposals was Amendment 706, which addressed the disparities between powder and crack cocaine, an issue deemed to have been long deserved in order to meet the "intent" initially observed by the Sentencing Commission as well as the U.S. Congress. That is, it was **only** **the** intent of lawmakers, that a Sentencing Guidelines be

2

established that would require those convicted for a certain amount of [either] crack cocaine [or powder cocaine] to be given a **mandatory minimum** term of imprisonment. However, because the former Sentencing Guidelines' base offense level **exceeded** the scope and purpose of the lawmakers' idea for **mandatory** provisions, the Sentencing Commission and, thus, the U.S. Congress, has, as of November 1, 2007 and December 11, 2007, clarified and rectified the initial intent and purpose for the establishment of a **mandatory** provision based on a particular type and/or **quantity** of controlled substance (crack cocaine).

A.  CAREER OFFENDER ELIGIBILITY:

Petitioner was sentenced as a career offender pursuant to §4B1.1 of the Sentencing Guidelines to a term of 151 months imprisonment, which was the result of being placed in the range between 151-188 months imprisonment (base level with a criminal history category VI). Under the Sentencing Commission's analysis for eligibility for a sentence modification, the Commission considered eligible a defendant if, inter alia:

> "[T]he offender's final offense level was not derived from the career offender or armed career offender guideline."

While the above was merely an **"analysis,"** there is nothing in the language that **precludes** career offenders or armed career offenders from eligibility for a sentence modification pursuant to Amendment 706. To be sure, the test is whether the offender's **final offense level was not derived form the career offender or armed career offender "guideline."** In a situation, as here, where the offender's **final** offense level (level 29) resulted from

the Drug Quantity Table of the drug guideline at §2D1.1, that is the **drug amount increased the base offense level,** that offender is eligible for a reduction in the sentence because the **final** offense level, as here, being level 29, did not derive from, per se, the career or armed career offender guideline; but rather, the final offense level, level 29, derived form the drug quantity per se.

In order to clarify the point, take, for example, a hypothetical in which an offender is a career offender with **less than 5 grams** of crack cocaine or cocaine base commonly known as crack, which represents a violation under 21 U.S.C. §841(b)(1)(C); as a career offender, that offender's base offense level is 32 with a criminal history category 6 (210-262 months imprisonment prior to Amendment 706). With no enhancement for drug quantity, that offender's **"final"** offense level, of 32, derived solely from the career offender guidelines. Next, take for example a hypothetical in which another offender is a career offender with **more than 5 grams but less than 50 grams** of crack cocaine or cocaine base commonly known as crack, which represents a violation under 21 U.S.C. §841(b)(1)(B); as a career offender, that offender's base offense level becomes 34 with a criminal history category 6 (262-327 months imprisonment prior to Amendment 706). As a direct result of the **"drug quantity,"** that offender's **"final"** offense level, of 34 did **not** result solely from the career offender guideline under §4B1.1; but rather, the base level of 34 rather than 32 (no drug quantity involved) resulted **solely** from the Drug Quantity Table of the drug

4

guideline at §2D1.1. That is, the **drug amount, itself,** did increase the **"final"** offense level, and not the career offender guideline, in the latter hypothetical, merely set the **"starting base offense level,** not the "final" offense level. This same scenario applies to a career offender who has 50 **grams or more** of crack cocaine, whose final offense level becomes **37** based on drug quantity.

Because the **final** offense level, for a career offender who has **more than 5 grams of crack cocaine,** is increased based on that drug quantity. Amendment 706 has the effect of lowering the base offense level **without** removing the offender from within the career offender guidelines. This is so, however, because the career offender guideline range **is changed** on the **"low-end"** of the guideline from being 151-188 to being 130-162, a change of months imprisonment, that nonetheless, is consistent with the Policy Statements of the Sentencing Guidelines and Congress' intent in fashioning a **"low-end"** of the career offender guidelines. If this were not so, Congress, in enacting the career offender guidelines, could easily have set a **"fixed term of imprisonment"** for career offenders rather than to set a "range" with a low end to a high end. As such, this Court has sole discretion to resentence this Petitioner to the **"low-end"** of the amended range (130 months). This is consistent with §1B1.10. **Application Notes 3,** which demonstrates, through a hypothetical, that a reduced sentence **at the low-end of the amended guideline,** especially when the district court originally imposed a low end guidelines sentence, is appropriate. There, the Commission

5

states, in relevant part, that:

> "[T]he guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30-37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months."

This demonstrates that a reduced sentence under the amended guidelines, to the low end, is appropriate. Therefore, §3582(c)(2) and §1B1.10(a)(2)(B) to reduce Petitioner's sentence.

## B. COURT'S AUTHORITY TO IMPOSE NON-GUIDELINE SENTENCE:

Petitioner has asked this Court to resentence him to a non-guideline sentence of 115 months imprisonment and to modify the term of Supervised Release to 24 months (or 2 years). This Court has authority to do so pursuant to U.S. v. HICKS, 472 F. 3d 1167 (9th Cir. 2007); KIMBROUGH v. U.S., No.      , decided December 10, 2007; and GALL v. U.S., No.      , decided December 10, 2007.

In U.S. v. BOOKER, 543 U.S.220, 245-46, 125 S. Ct. 738,160 L. Ed. 2d 621 (2005) the Supreme Court abolished the **mandatory** application of the Sentencing Guidelines in **all contexts.** (Id., 266, 125 S. Ct. 738) (holding that a "mandatory system is no longer an open choice")(543 U.S. at 263, 125 S. Ct. 738).

As explained, in full detail, by HICKS, supra, BOOKER'S only basis, in this Motion, is to demonstrate that this Court is **not** bound by the the Sentencing Guidelines upon a resentencing pursuant to §3582(c)(2). Here, as in HICKS, Petitioner does not rely upon BOOKER to reduce his sentence. Petitioner's reliance is based upon 18 U.S.C. §3582(c)(2) as applied to retroactive

Amendment 706. What Petitioner does argue, respectfully, is that, as in HICKS, should this Court decide to reduce his sentence under the Amendment, this Court may impose a **non-guidelines** sentence without exceeding its authority. This is so, however, as explained in HICKS, "[b]ecause a **mandatory** system is no longer an open choice...district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing a new sentence under §3582(c)(2)." (Id., at 1170). The District Court has the authority to impose a **non-guidelines** sentence upon resentencing pursuant to §3582(c)(2). This was made clear in KIMBROUGH, supra, where the Court held that:

> "This Court's remedial opinion in **United States v. Booker**, 543 U.S. 220, 244 (2005), instructed district courts to read the United States Sentencing Guidelines as "effectively advisory," id., at 245. In accord with 18 U.S.C. §3553(a) the Guidelines, formerly Mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence."

The Court went on to say that:

> "The judge may determine, however, that, in the particular case, a **within-Guidelines** Sentence is "greater than necessary" to serve the objectives of sentencing."

Without question, the Supreme Court's decision in KIMBROUGH, supra, is in harmony with **HICKS**, supra, which defines this Court's proper authority to impose a **none-guidelines** sentence so long as this Court complies with §3553(a). After **considering** the §3553(a) factors, this Court concludes that the within-Guidelines sentence, under the amended guideline range is "**greater than necessary**" to serve the objectives of sentencing, the Court is free to impose any **non-guidelines** sentence, or a **lower** guidelines

sentence than reflected in the once mandatory, now advisory, Sentencing Guidelines. See also, **GALL**, supra, in which the Supreme Court, on December 10, 2007, again made clear that the Sentencing Guidelines does **not** limit [this] Court's power to deviate from the advisory guidelines and to apply a **non-within-Guidelines sentence.**

## C.   CONSISTENCY WITH APPLICABLE POLICY STATEMENTS:

In HICKS, supra, the Court of Appeals carefully delineated the applicable factors to demonstrate that applying [a non-guidelines sentence] **is consistent** with the Policy Statements set forth in USSG §1B1.10(b), §1B1.10 app. n. 2. and §1B1.10 cmt. background.

There, the Court explained that:

> "[N]one of these policy statements [are] applicable to the question of whether, after **Booker**, a court can go below the Guidelines' minimum when modifying a sentence under §3582(c)(2). Further, even if they are read to address this question, they do not prohibit the application of the Guidelines in an advisory fashion. Finally, under **Booker**, to the extent that the policy statements would have the effect of making the Guidelines mandatory (even in the restricted context of §3582(c)(2)), **they must be void.**"

The Court reasoned that the portion of the USSG §1B1.10(b), application note 2 (holding that "[a]ll other guideline application decisions remains unaffected"), [can not survive **Booker**]. HICKS, at 1172. The Court further reasoned that:

> "The policy statements are silent on the manner in which the modified ranges should be used. As they were enacted pre-**Booker**, they assume a mandatory Guidelines regime, but this assumption does not provide a statutory reason to treat them as mandatory when the

rest of the guidelines are now advisory."
(Id., at 1172-73).    In light of **Booker**, the HICKS Court also rejected, out of hand, the Government's argument that USSG §1B1.10 "does not authorize a reduction in any other component of the sentence [other than the two levels]." That assumption, too, would tend to invalidate **Booker**. See HICKS, at 1172.

Significantly, however, as noted by HICKS, "Congress has done nothing to undermine the conclusion [that HICKS' findings of fact and conclusions of law is incompatible with Congress' intent." As a matter of fact, HICKS was decided on January 11, 2007, long before Amendment 706, in which Congress **could have amended** before the November 1, 2007 deadline, had it determined that HICKS was wrongly decided, or otherwise, was not the way Congress would have wanted the provisions of §3582(c)(2) to have been applied. By its silence on the issue regarding a district court's authority to apply a **non-guideline range**, after resentencing pursuant to §3582(c)(2), it necessarily assumes the position that both the Sentencing Commission and the Congress intended district courts to possess the authority to impose a non-guidelines sentence upon resentencing pursuant to §3582(c)(2). For the reasons stated above, Petitioner prays that this Court would resentence him to the reduced **non-guidelines** term of 115 months. In addition to the above authority of this Court to impose such a sentence, Petitioner would like to demonstrate why he believes the Court should impose the requested sentence of 115 month non-guideline sentence.

9

Petitioner avers that he has taken extensive steps in rehabilitating himself by achieving certificates, such as G.E.D., Self Improvement 2, Real Estate, Foreclosures, Typing Level 1, Buying Merchandise, Building Self Esteem, Counseling Group, 20, 40-hour Drug Class, Small Business Marketing, and Computer Application 1 & 2.

Therefore, for the above stated reasons, the Petitioner urges this Honorable Court for a two (2) level reduction and/or a nonguideline sentence, or for any relief this Court may deem just and proper for the relief requested.

Dated Feb. 29, 2008

Respectfully Submitted,

Patrick Roberts
Reg. No. 55160-004
F.C.I. Miami Low
P.O. Box 779800
Miami, FL 33177

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that a copy of the following documents was furnished by first class mail on this February 29, 2008 to the following:

Edward Ryan
500 East Broward Blvd., 7th Floor
Fort Lauderdale, FL  33394

Respectfully Submitted,

Patrick Roberts

11

AO 245B (Rev 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Southern District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **PATRICK ROBERTS** | Case Number: 0:00CR06013-001 |
| | Charles White, Esq. |
| | Defendant's Attorney |

FILED by _____ D.C.

AUG 2 1 2000

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**THE DEFENDANT:**

- [x] pleaded guilty to count(s)  II of the Indictment on 03/30/2000.
- [ ] pleaded nolo contendere to count(s)
  which was accepted by the court.
- [ ] was found guilty on count(s)
  after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841 (a)(1) | Possession with intent to distribute crack cocaine. | 06/28/1999 | II |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s)
- [x] Count(s) I  is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | 08/18/2000 |
| Defendant's Date of Birth: 02/01/1973 | Date of Imposition of Judgment |
| Defendant's USM No.: 55160-004 | |
| Defendant's Residence Address: | |
| 1200 NW 14th Street | Signature of Judicial Officer |
| | Daniel T. K. Hurley |
| Fort Lauderdale,                FL | United States District Judge |
| | Name & Title of Judicial Officer |
| Defendant's Mailing Address: | |
| 1200 NW 14th Street | Aug. 18, 2000 |
| Fort Lauderdale,                FL | Date |

# EXHIBIT A

DEFENDANT:       **PATRICK ROBERTS**
CASE NUMBER:     **0:00CR06013-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __151__ month(s).

This is the total term of imprisonment imposed as to count II of the Indictment.

The court makes the following recommendations to the Bureau of Prisons:

The court recommends the defendant be permitted to participate in the 500 hour drug / alcohol rehabilitation program and that the term of imprisonment be served at a Federal Institution in South Florida that would allow an educational opportunity.

The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district:

   at                    a.m./p.m.  on

   as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   before 2 p.m. on

   as notified by the United States Marshal.

   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
   Deputy U.S. Marshal

```
   MIAVZ       *           INMATE EDUCATION DATA        *     12-24-2007
 PAGE 001 OF 001 *              TRANSCRIPT              *      07:44:56

 REGISTER NO: 55160-004     NAME..: ROBERTS               FUNC: PRT
 FORMAT.....: TRANSCRIPT    RSP OF: MIA-MIAMI FCI

 --------------------------- EDUCATION INFORMATION --------------------------
 FACL ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP DATE/TIME
 MIA  ESL HAS   ENGLISH PROFICIENT           09-21-2000 0947 CURRENT
 MIA  GED EARNED GED EARNED IN BOP           02-27-2004 1220 CURRENT

 --------------------------- EDUCATION COURSES -----------------------------
 SUB-FACL   DESCRIPTION                      START DATE  STOP DATE EVNT AC LV  HRS
 MIA        SELF IMPROVE 2 TUES 6-8PM        08-07-2007 11-06-2007  P   C  P    24
 MIA        REALEST/FORECLOSURES WED 6-8PM   08-09-2007 10-25-2007  P   C  P    24
 MIA        TYPING LEVEL I--M&W 12-30-3PM    06-04-2007 08-28-2007  C   C  P     0
 MIA        BUS SUPERVIS/MGT ST OF FL CERT   07-27-2006 08-28-2007  P   C  C   120
 MIA        BUYING MERCHANDISE THUR 6-8PM    02-15-2007 05-03-2007  P   C  P    24
 MIA        REAL ESTATE FORECLOSURE M 6-8P   06-26-2006 09-25-2006  P   C  P    26
 MIA        PARENTING FRI.2:00-3:30PM        06-09-2006 07-29-2006  P   C  P    20
 MIA        BUILDING SELFESTEEM SEMINAR      05-04-2006 05-04-2006  P   C  P     4
 MIA        RPP 2 EDUCATION EMP SKILLS       05-04-2006 05-04-2006  P   C  P     4
 MIA        COUNSELING GROUP                 07-12-2004 09-08-2004  P   C  P     8
 MIA        GED 2-3:30PM                     08-04-2003 02-27-2004  P   C  P   593
 MIA        ENGLISH GED M-F 12:30-3PM        02-04-2002 08-04-2003  C   W  I     0
 MIA        ENGLISH PRE-GED 12:30PM-3:00PM   09-17-2001 01-24-2002  P   W  I   240
 MIA        ENGLISH PGED 9:00-11:30AM        10-04-2000 02-28-2001  P   W  I   202

 --------------------------- HIGH TEST SCORES ------------------------------
 TEST       SUBTEST         SCORE     TEST DATE     TEST FACL   FORM    STATE
 ABLE       LANGUAGE        10.7      03-05-2002     MIA         F
            NUMBER OPR       8.5      01-12-2001     MIA         E
            PROB SOLV        8.0      10-10-2000     MIA         E
            READ COMP       12.0      10-10-2000     MIA         E
            SPELLING         8.5      10-10-2000     MIA         E
            VOCABULARY       9.4      12-17-2001     MIA         F
 GED        AVERAGE         46.2      02-02-2004     MIA         PASS     ME
            LIT/ARTS        49.0      05-21-2003     MIA         IF       ME
            MATH            45.0      02-02-2004     MIA         II       ME
            SCIENCE         47.0      05-21-2003     MIA         IF       ME
            SOC STUDY       47.0      05-21-2003     MIA         IF       ME
            WRITING         43.0      05-21-2003     MIA         IF       ME

 G0003      TRANSACTION SUCCESSFULLY COMPLETED
```

# Maine High School Equivalency Diploma

## Maine Department of Education

*certifies that*

PATRICK L ROBERTS

*has demonstrated general knowledge and educational development equivalent to that attained by high school graduates under standards approved by the State of Maine Department of Education and is hereby awarded this*

## STATE HIGH SCHOOL EQUIVALENCY DIPLOMA

*having the legal status of a high school diploma*

*Given at Augusta, Maine, this* 27th *day of* February, 2004 *A.D.*

Certificate Number
113707

STATE ADMINISTRATOR, High School Equivalency Programs

GED CHIEF EXAMINER, Local Test Center

COMMISSIONER of EDUCATION

# Certificate of Completion

## Patrick Roberts

Who has successfully completed the:

### Small Business Marketing

At FCI Miami

February 7, 2008



C. Salas
Teacher





Nestor Chavez
Supervisor of Education

# Certificate of Completion

This is to certify that

## Patrick Roberts

has successfully fulfilled all prescribed requirements for the

## Adult Basic Education

Conducted at the FCI Miami, Florida

This 5th day of March, 2002



D. Tosana
Teacher



Delores Carey
Supervisor of Education

# Certificate of Completion

This is to certify that

*Patrick Roberts*

Has successfully completed

*Pre-Foreclosure Real Estate Class*

FCI Miami, Florida
September 25th, 2006

C. Salas
Teacher

N. Chavez
Supervisor of Education



# Certificate of

# COMPLETION

This Certificate is present to:

## Patrick Roberts

Who has successfully completed the:

**Community Connections Re-Entry Program**
**Probation Information Needs Workshop**

At FCI Miami
June 9, 2006

K. Morales
Education Teacher

Dr. S. Skibinski
Psychology



Certificate of Completion

Patrick Roberts

Who has successfully completed the:

**Real Estate**
**At FCI Miami**
**October 25, 2007**

C. Salas
Teacher

Nestor Chavez
Supervisor of Education

# CERTIFICATE OF COMPLETION

This is to certify that

## PATRICK ROBERTS

has successfully completed

# SELF IMPROVEMENT & DEVELOPMENT II

Tuesday, November 06, 2007

FCI Miami, Florida





N. Chavez
Supervisor of Education




J. L. Souvenir
Teacher



*Certificate of*

# COMPLETION

This Certificate is present to:

*Patrick Roberts*

Who has successfully completed the:

**Community Connections Re-Entry Program**

**Self-Esteem Workshop**

At FCI Miami
May 4, 2006

K. Morales
Education Teacher

Dr. S. Skibinski
Psychology



*Certificate of*

# COMPLETION

This Certificate is present to:

*Patrick Roberts*

Who has successfully completed the:

**Community Connections Re-Entry Program**
**Employability Skills Workshop**
**At FCI Miami**
**May 4, 2006**

K. Morales
Education Teacher

Dr. S. Skibinski
Psychology



# Certificate of Completion

## Patrick Roberts

Who has successfully completed the:

### Advanced Business Course

At FCI Miami
August 2, 2007

C. Salas
Teacher

Nestor Chavez
Supervisor of Education

AWARD

# Certificate of Completion

## Patricia Roberts

Who has successfully completed the:

**CLOSEOUT COURSE**

At FCI Miami
May 3, 2007



C. Salas
Teacher

Nestor Chavez
Supervisor of Education



# DRUG ABUSE PROGRAM

## Certificate of Completion

This certifies that *Patrick Roberts*has successfully completed 20 hours of Non-Residential Drug Abuse Treatment at the Federal Correctional Institution, Miami, Florida.

Date:     February 13, 2007

*Selma DeJesus-Zayas, Ph.D.*
Chief Psychologist

*Carl H. Muller, M.S.*
Drug Treatment Specialist



# DRUG ABUSE EDUCATION

## Certificate of Completion

*This certifies that **Patrick Roberts** successfully completed 30 hours of Drug Abuse Education at the Federal Correctional Institution, Miami, Florida.*

Date: June 1, 2007

_____
Sherri Skibinski, Psy. D.
DAP Coordinator

_____
Carl H. Muller, M.S.
Drug Treatment Specialist

# Certificate of Appreciation

This is to certify that

## Patrick Roberts

has successfully fulfilled all the prescribed requirements for

## Personal Employability Development

( Group Counseling )

Conducted at the FCI Miami, Florida

This 1st day of September, 2004



R. Huling, Unit Manager



J. Alford, Counselor



# GED℠
# Official Transcript of GED Tests Results

Issued by
OFFICIAL GED TESTING CENTERS
of the
General Educational Development Testing Service of the American Council on Education

(For official transcripts, contact the center below.)

Candidate's Name

Last: ROBERTS    First: PATRICK    Middle Initial: L

Address: 15801 SW 137 AVE
MIAMI, FL 33177

Phone Number:

Date of Birth: 02/01/1973

Issue Date: 02/17/2004    Reported to: Maine

Social Security Number(if required): 26381 3708

Test Format: EP

Examiner's Signature _____    Date 02/17/2004

Center Name: Miami FCI
Center Identification No.: 9000120772
Phone Number:
Center Address: 15801 S.w. 137th Avenue
Miami, FL 33177

| | TEST DATE | TEST FORM | **STANDARD SCORE | PERCENTILE RANK | *Pass or Non-Pass as determined by jurisdictional policy. |
|---|---|---|---|---|---|
| Language Arts, Reading | 05/21/2003 | IF | 490 | 46 | |
| Language Arts, Writing | 05/21/2003 | IF | 430 | 24 | |
| Mathematics | 02/02/2004 | I | 450 | 31 | |
| Science | 05/21/2003 | IF | 470 | 38 | |
| Social Studies | 05/21/2003 | IF | 470 | 38 | |
| Standard Score Total | | | 2310 | *PASS / *NON-PASS [X under PASS] | |
| Battery Average | | | 462 | | |

## INDIVIDUAL TEST STANDARD SCORE

| | 200 | BATTERY PASSING SCORE | 800 |
|---|---|---|---|
| | Below | 410 PASSING SCORE | Above |
| | Below | 450 | Above |

### Language Arts, Reading
Your score meets or exceeds the GED passing score requirement. You demonstrated essential reading skills in the following areas: comprehending, analyzing, evaluating, and synthesizing workplace and literary texts.

### Language Arts, Writing
Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: using the elements of standard English to produce workplace and informational documents and to provide well-organized and developed written text.

### Science
Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: understanding, interpreting, and applying concepts of life, earth and space sciences, physics, and chemistry to visual and written text from academic and workplace contexts.

### Social Studies
Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: understanding, interpreting, and applying key history, geography, economics, and civics concepts and principles to visual and written text from academic and workplace contexts.

### Mathematics
Your score meets or exceeds the GED passing score requirement. You demonstrated essential skills in the following areas: understanding and interpreting mathematical concepts in algebra, data analysis, statistics, geometry, and number operations, applied to visual and written text from academic and workplace contexts.

## TOTAL BATTERY
You have demonstrated the 21st century skills of:
- Communication
- Information processing
- Problem solving
- Higher order thinking skills
In the five test areas (Reading, Writing, Mathematics, Science, and Social Studies) to perform effectively in the workplace or in higher education.

* Standard Score. The scores on this report are the highest scores achieved by the candidate and not necessarily the most recent. If retest scores are lower than scores previously achieved, the retest scores are not reported.