UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6013-CR-HURLEY

UNITED STATES OF AMERICA

vs.

PATRICK ROBERTS,

    Defendant.
_____/

RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO MODIFY OR REDUCE SENTENCE

Defendant PATRICK ROBERTS (hereinafter "defendant") has filed a motion to modify or reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. This amendment, however, is inapplicable to the defendant, as it does not reduce the defendant's sentencing guidelines range because the defendant is a career offender.

I.    **BACKGROUND OF THE DEFENDANT'S CASE**

On January 13, 2000, a federal grand jury in the Southern District of Florida returned a two-count indictment charging the defendant with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On March 30, 2000, Defendant pled guilty to possession with intent to distribute crack cocaine. On August 18, 2000, Defendant was sentenced to 151 months imprisonment followed by three years of supervised release. The term of imprisonment represented the bottom of the guidelines as Defendant was sentenced as a career offender. Sentenced as a career offender, Defendant was found to have a base level offense of 29,

Criminal history category VI, and had a guideline range of 151 -188 months. The term of imprisonment reflected the bottom of the advisory guidelines range at offense level 29 in criminal history category VI, which were implicated by virtue of ROBERTS' classification as a career offender under Section 4B1.1 of the Sentencing Guidelines.

II. **18 U.S.C. § 3582(c)(2) & U.S. SENTENCING GUIDELINES § 1B1.10(a)**

The defendant seeks a sentence reduction based on 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). The revised section, provides, in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C.

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

  § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)  Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

 (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or

 (B)  an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3)  Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances. However, as explained in more detail below, the defendant is a career offender and he is not eligible for the sentencing reduction.

### III.   THE DEFENDANT IS NOT ELIGIBLE FOR A SENTENCE REDUCTION BECAUSE HE IS A CAREER OFFENDER & HIS ADVISORY GUIDELINE RANGE REMAINS UNCHANGED

The defendant's motion must be denied because, notwithstanding the guideline amendment, the amendment does not have the effect of lowering the defendant's guidelines range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense

level which applied earlier); <u>United States v. Armstrong</u>, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); <u>United States v. Young</u>, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In this case, the defendant's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended; rather, the defendant's sentence rested on the career offender provision in Section 4B1.1 of the Guidelines. Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack offense was 22; that would be reduced to 20 pursuant to Amendment 706. However, the defendant was a career offender, based on his prior convictions for other drug trafficking offenses. Accordingly, his base offense level was increased to 32 pursuant to Section 4B1.1 of the Sentencing Guidelines.

Importantly, the career offender enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. In fact, Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant is not entitled to under receive any relief under Section 1B1.10 and his motion should be denied in its entirety.

### IV. <u>BOOKER DOES NOT APPLY</u>

The defendant contends that, in addition to considering where within the revised guideline range he should be sentenced, this Court should conduct a full resentencing, and reexamine the

6

entire sentence consistent with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory. That position is incorrect; the defendant's claim that Booker applies in this proceeding and permits a reduction in sentence beyond the limits set by Congress and the Sentencing Commission is without merit. Similarly, the defendant relies upon Kimbrough v. United States, 128 S. Ct. 558 (2007), to argue that the guideline for crack cocaine offenses in particular is advisory, and that a sentencing court may consider criticism of the advisory guideline for crack cocaine offenses when determining the defendant's original sentence. These decisions, however, may not be applied in a Section 3582(c)(2) proceeding as a basis for reducing a sentence below the amended guideline range. Section 3582(c)(2) allows a court to reduce a sentence based on a retroactive guideline amendment only as authorized by the Sentencing Commission, and the Commission has limited the extent of such a reduction to the application of the amended guideline range or a reduction comparable to the extent of a previously granted reduction below the earlier guideline range.

The question of the relevance of Booker is not presented in this case. In other cases, to be sure, defendants who are entitled to a sentencing reduction under Section 1B1.10 will argue that, pursuant to Booker, the Sentencing Commission's effort to restrict the extent of the reduction is not mandatory (a proposition the government will oppose). But here, the issue is not reached, as the defendant fails to qualify pursuant to the statute for any sentencing reduction at all. As explained above, the governing statute allows a reduction only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." Because the necessary trigger never occurred in this case, as stated earlier, the question of whether Booker allows a greater

reduction at resentencing never arises. In any event, for the benefit of the Court, we present here our view that Booker, and its holding that the guidelines are advisory at an initial sentencing proceeding, has no impact at all at resentencing under Section 3582(c)(2).

V.    **THE DEFENDANT IS NOT ENTITLED TO A HEARING ON THIS MOTION**

Since the reduction of sentence afforded by Sections 3582(c)(2) and 1B1.10 is a narrow remedy which does not entail or require the procedural necessities of a full sentencing hearing, the Court should not exercise its discretion to have a hearing on this matter.

The defendant does not have a right to appear before the Court in connection with his motion for reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c). This is directly substantiated by the relevant policy statement, Federal Rule of Criminal Procedure, and case law addressing this issue. Section 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Federal Rule of Criminal Procedure 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c).[3] Likewise, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c). See, e.g., Anderson v. United States, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is *not* required") (emphasis in original); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (same); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999) (same,

---

[3] The Advisory Committee Notes concerning the 1998 amendments to Rule 43 state that a defendant's presence is not required at a Section 3582 proceeding because it is analogous to a Rule 35 proceeding for a reduction of sentence, where a defendant's presence is not required.

noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

This rule is justified by the limited scope of a Section 3582 proceeding, which is "not a second opportunity to present mitigating factors to the sentencing judge" but "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines," United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995), and which, therefore, may generally be decided without a hearing. See, e.g., Legree, 205 F.3d at 730 ("a judge need not hold a hearing when considering a Section 3582 motion"); Tidwell, 178 F.3d at 948-49; but see United States v. Byfield, 391 F.3d 277, 280-81 (D.C. Cir. 2004) (district court erred in denying § 3582 motion without a hearing where factors concerning the court's decision were "reasonably in dispute").[4]

Moreover, as the Seventh Circuit has noted, this principle "makes good practical sense because a defendant, in the federal penal system, often is hundreds if not thousands of miles away from the courthouse where his sentence was originally imposed." Tidwell, 178 F.3d at 949. Transporting, housing, and holding hearings for the approximately 20,000 widely scattered inmates affected by Amendment 706 would not only impose tremendous costs, difficulties, and court and prison congestion unwarranted by the limited and simple nature of Section 3582(c)(2) proceedings, but would also delay the granting of relief under the amendment. For all of these reasons, the defendant has no right to appear before this Court in connection with his motion for reduction of

---

[4] Byfield is distinguishable because it involved a factual dispute concerning the applicability of an amendment to the defendant's conduct at issue. 391 F.3d at 279-81. In this case, there is no factual dispute and the motion may therefore be decided without a hearing.

sentence, filed pursuant to Section 3582(c), and the government requests that the Court not exercise its discretion to grant a hearing in this matter.

## VI.   CONCLUSION

For all of the reasons stated above, the government respectfully requests that the Court deny the defendant's motion for a reduction in sentence and not grant a hearing regarding this matter.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:   /s/ Laurence M. Bardfeld
Laurence M. Bardfeld
Assistant United States Attorney
Florida Bar No. 712450
500 E. Broward Boulevard, #700
Fort Lauderdale, FL 33394
Tel: (954) 356-7255 ext. 3611
Fax: (954) 356-7336
Laurence.bardfeld@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on March 19, 2008.  Additionally, the Government's Response was mailed to Patrick Roberts, Reg. No. 55160-004, F.C.I. Miami Low, P.O. Box 779800, Miami, Florida  33177.


/s/ Laurence M. Bardfeld
Laurence M. Bardfeld
Assistant United States Attorney