IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.
INTAKE
APR 02 2008
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

CRIMINAL CASE NO.: 00-6013-CR-HURLEY

Entry of Appearance - Pro-se

PATRICK ROBERTS, )
)
Defendant, )
)
)
-vs- )
)
)
UNITED STATES OF AMERICA, )
)
Plaintiff. )
)

**DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT
TO RULE 59(e) OF THE FEDERAL RULES OF CRIMINAL
PROCEDURES OF JUDGE'S ORDER OF MARCH 20, 2008
DENYING DEFENDANT'S 18 U.S.C. § 3582(c)(2) MOTION**

NOW COMES, the Defendant, Patrick Roberts, hereafter referred to as defendant, proceeding pro-se, and pursuant to Rule 59(e) of the Federal rules of Criminal Procedures, who hereby request this Honorable Court to "Reconsider" it Order of March 20, 2008, which effectively denied Defendant's Motion for Reduction/Modification of Sentence Pursuant to § 3582(c)(2). Defendant contends that the Court's Order did not address the Defendant's argument concerning whether the Court's has authority to impose a non-guideline sentence pursuant to Booker, and the § 3553(a) factors, as the defendant states the following in support:

The Defendant herein, assert that when the Court **"revisited"** his sentence pursuant to Amendment 706, based upon the result of the Sentencing Commission lowering of the Sentencing Guidelines Ranges in §2D1.1, for "crack cocaine" offenders--The Court has the discretion to impose a non-guideline sentence pursuant to Booker, Kimbrough, Rita and Gall, as § 3582(c)(2) requires sentencing Courts to consider all applicable § 3553(a) factors.

The Supreme Court recently said that the **"extent of the different between a particular sentence and the recommended Guideline Range is surely relevant to a sentencing decision."** Gall v. United States, 128 S.Ct. 586, 591 (2007). Given this relevance, the sentencing court is free under §3582(c)(2) to consider the retroactive crack amendment in deciding, whether the advisory sentence under the **"career offender guideline is sufficient but not greater than necessary to satisfy the purposes of sentencing"**, now that the difference between that sentencing range and the non-career offender guideline sentencing range for the same crime is even greater than before. See United States v. Hicks, 472 F.3d 1171 (9th Cir. 2007).

The Defendant contends that nothing in the statutory language requires that the guideline amendment actually have the effect of lowering a defendant's guideline range before the sentencing court can revisit the sentence, but , rather the statute requires that the defendant's **sentence was "based on"** the crack guideline's sentencing ranges because those ranges represented the starting point of every sentencing pre- and post Booker, even if the defendant was ultimately sentenced under § 4B1.1. See Gall, 128 U.S. at 596 ("[A] district

court should begin all sentencing proceedings by correctly calculating the applicable Guidelines Range...the Guidelines should be the starting point and the initial benchmark. They are not the only consideration, however...[T]he judge should than consider all of the §3553(a) factors to determine whether they support the sentence requested by a party.")(emphasis added). See also e.g., United States v. LaBonte, 70 F.3d 1396, 1412 (1st Cir. 1995)(rejecting government's argument that § 3582(c)(2) resentencing is inappropriate where defendant's original sentence falls within the amended guideline range because "we cannot be confident that, faced with a different range of opitions, the district court's choice will remain the same.").

Moreover, since booker excised the statute that makes the guidelines mandatory and mandatory guidelines no longer exist , this Honorable court is **"free to resentence this defendant, applying the §3553 (a) factors and reduce his sentence to a non-guideline sentence"**.

**Accordingly,** Defendant is now requesting this Honorable Court to reconsider and address his argument concerning whether the Court's has authority to impose a non-guideline sentence to him pursuant to §3553(a)(6), which allows a sentencing court to consider **"the need to avoid sentence disparties among defendants with similar conduct"**, which is intended primarily to promote national uniformity in sentencing, rather than uniformity among co-defendant. Compare United States v. Moreland, 437 F.3d 424 id. at 473 (4th Cir. 2006)(quoting cf. United States v. William, 435 F.3d 1350 (11th Cir. 2006) (affirming, as reasonable, a 52 percent downward variance from **"CAREER**

3

OFFENDER GUIDELINE RANGE" BASED ON ASSESSMENT OF THE District Court, that the advisory guideline range of 188 to 235 months of imprisonment was disproportionate to the offense of selling $350 worth of cocaine base.).

In the instant case, the defendant was convicted for sell 3.25 grams of cocaine base (about $150 worth of crack) and was sentence by the Court to a 151 month based upon his career offender status pursuant to §4B1.1, which represent the lowest guidelines range sentence he could have receive, pursuant to the statute.

The Defendant is now requesting this Honorable Court to make a independent assessment - under 18 U.S.C. §3553(a) and pursuant to the Court's duty under Booker, Kimbrough, Gall and Rita, whether this defendant should be sentenced to a non guideline sentence in uniformity with Williams, 435 F.3d 1350 (11th Cir. 2006).

Therefore, for the above stated reason, this Honorable Court should "reconsider" it's Order of March 20, 2008, denying defendant's Motion for reduction of his Sentence, and give a new Order for this defendant to be brought back before the court for resentencing, and Order the United States Probation Office to prepare an Updated Presentence Investigation Report, which set forth the "status, conduct present and past history, and the characteristics of the defendant from the time he came under the supervision of the Bureau of Prison. One that is established the Court should evaluate the factors set forth in §3553(a) to determine whether or not a non guideline sentence is warranted, or give this defendant any relief this Honorable Court deems is appropriate in the interest of justice.

## APPOINTMENT OF COUNSEL

Defendant is also requesting this Honorable Court to appoint him legal representation in this cause of action, as new facts have to be marshaled and new arguments have to be made in aid of the Court's sentencing decision, and therefore, the sixth Amendment requires the assistance of counsel. See <u>Mempa v. Rhay</u>, 389 U.S. 128 (1967).

Also it is obvious that defendant need assistance from counsel in this proceeding, who can make recommendations to the Court which could be influential in determining the resulting sentence, such as marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant, to present his case as to the sentence he should receive. There is no question that in this proceeding, as in Mempa, defense counsel is necessary to aid in calculating the revised sentence, marshal the facts and evidence that pertain to the applicable §3553(a) factors, defend against any allegation in a denial of reduction or a lesser reduction, and also legal rights must be raised in the §3582(c)(2) proceeding or they will be lost. Which includes the right to appeal, and **rights** that must be raised, litigated and, if necessary, preserved for appeal, such as the right to be resentenced under an advisory guideline system.

At the very least, defense counsel can ensure a smoother process for §3582(c)(2) proceeding and the appeal process if necessary. Appointment of counsel would help in a number of institutional efficiencies, including the increased likelihood of arriving at a negotiated settlement, since the government cannot negotiate directly with a defendant.

Wherefore, for the above stated reason, this Defendant "prays" that this Honorable Court Appoint him counsel to represent him in this matter.

Dated : March 29, 2008

                                      Respectfully submitted

BY: *Patrick Roberts*
Patrick Roberts, Pro-se
Reg. No. 55160-004
Federal Correctional Institution
Post Office Box 779800
Miami, Florida 33177

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing Motion for Reconsideration was sent by psotage prepaid U.S. Mail on March 29, 2008, by first class mail to:

Three Copies to:
The Clerk of Court
United States District Court
Southern District of Florida
301 N. Miami Avenue, Room 150
Miami, Florida 33128-7788

One Copy To:
Laurence M. Bardfeld, Esq.
Assistant U.S. Attorney
500 E. Broward Boulevard, #700
Fort Lauderdale, Florida 33394

*Patrick Roberts*
Patrick Roberts